

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

April 10, 2025

**By ECF**

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

  Re: *Garrett v. City Univ. of New York*, No. 24-cv-9710 (VSB) (RWL)

Dear Judge Lehrburger:

  This Office represents Defendant City University of New York ("CUNY") in the above-referenced matter.  Pursuant to the Court's Individual Practices, I write to request a pre-motion conference regarding CUNY's anticipated motion for a stay of discovery pending the resolution of its motion to dismiss, which, if granted, will obviate the need for discovery in this action.[1]  Plaintiff does not consent to this request.

  As the Court is aware, CUNY moved to dismiss the Complaint in this case on March 10, 2025.  *See* ECF Nos. 11-12.[2]  For the reasons described in Defendant's motion papers, Plaintiff's claims are subject to dismissal in their entirety on several grounds, including failure to state a claim, Eleventh Amendment immunity, and preemption by state law.  *See* Mem. of Law., ECF No. 12.

  "Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of good cause."  *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks and citations omitted).  "[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law."  *Id.* (citations omitted, collecting cases).  "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by a stay."  *Boelter v. Hearst Comms., Inc.*, 15-cv-3934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (quoting *Spencer Trask Software and*

---

[1] Defendant also respectfully requests an adjournment of the Initial Pretrial Conference scheduled for May 6, 2025, and the related deadline to submit a Proposed Civil Case Management Plan and Scheduling Order, until after Defendant's motion to dismiss is decided, if necessary.

[2] Plaintiff's opposition is due by April 24, 2025, and Defendant's reply is due by May 22, 2025.  *See* ECF No. 13.

Honorable Robert W. Lehrburger                                      Page 2 of 4
April 10, 2025

*Info. Servs., LLC, v. Rpost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).  "In deciding whether to grant a stay, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion."  *Id*.  (citations and quotation marks omitted).  Each of these factors weighs in favor of a stay.

The "[s]trength of the motion factor contemplates whether the party seeking the stay has substantial arguments for dismissal, or whether the plaintiff's claim is unmeritorious."  *Press v. Primavera*, 21-cv-10971, 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (internal quotation marks omitted).  "[C]ourts also consider whether the resolution of the pending motion to dismiss may dispose of the entire action."  *Id*.  Defendant's motion to dismiss, which provides multiple, well-grounded bases for dismissing the Complaint in its entirety clearly satisfies this standard.[3] *See Broccoli v. Ashworth*, 21-cv-6931, 2023 WL 6795253, at * 2 (S.D.N.Y. Oct. 11, 2023) (granting stay of discovery where defendants had presented "substantial arguments for dismissal"); *see also Izuogu v. Credit Agricole Corp. and Inv. Bank*, 24-cv-4329, 2024 WL 4903723, at *1 (S.D.N.Y. Nov. 27, 2024) ("Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay."); *Valentini v. Group Health Inc.*, 20-cv-9526, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) ("Defendants have made a sufficient showing on the merits, which could potentially be dispositive, that weighs in favor of a stay."); *Press*, 2022 WL 17736916, at *2 ("[b]ecause Defendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay.").  Thus, a stay of discovery is warranted because CUNY's motion to dismiss is "potentially dispositive and not unfounded in the law." *See Oestreicher v. Equifax Information Servs., LLC*, 23-cv-239, 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023); *Gross v. Madison Square Garden Ent. Corp.*, 23-cv-3380, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (granting stay of discovery where "the viability of [plaintiff's] claims [was] in at least some doubt" and defendant's motion was "not unfounded in law").

Moreover, a dispositive motion that implicates the Court's subject matter jurisdiction, like the one filed by Defendant, provides particularly good cause for a stay of discovery because it is "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction." *Miller v. Brightstar Asia, Ltd.*, 20-cv-4849, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (quoting *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013)).  Here, as set forth in the motion to dismiss, the Court lacks subject matter jurisdiction over Plaintiff's state law claims for breach of contract, negligence, negligent supervision and retention, and negligent infliction of emotional distress based on Eleventh Amendment immunity.  *See* Mem. of Law., pp. 19-20 (ECF No. 12).  This well-grounded challenge to the Court's subject matter jurisdiction, set forth in a motion which, if granted, would result in the dismissal of numerous claims, warrants a stay of discovery until it has been resolved. *See Renois v. WVMF Funding, LLC*, No. 20-cv-09281, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (potentially dispositive motion to dismiss which raised threshold challenges to the court's subject matter jurisdiction "weigh in favor of discovery pending the outcome of the jurisdictional motion.").

---

[3]      "Most of Defendants' arguments are supported by case law from this Circuit, and it therefore cannot be said that Defendants' motion is unfounded in the law." *Richardson v. City of N.Y.*, 21-cv-5080, 2022 WL 2003340, at * 1 (S.D.N.Y. June 6, 2022) (internal quotation marks omitted).

Honorable Robert W. Lehrburger                                    Page 3 of 4
April 10, 2025

     Further, the breadth and burden of discovery support a stay. While the parties have not yet exchanged discovery requests, Plaintiff's Complaint contains broad allegations, including several incidents of alleged discrimination involving numerous individuals. As such, the discovery sought is likely to be broad, which "weighs in favor of a stay of discovery." *See Izuogu*, 2024 WL 4903723, at *1. "Engaging in discovery while the motion to dismiss is pending may result in defendant producing extensive discovery that may be mooted entirely should Defendant's motion to dismiss be granted." *Dunning v. Supergoop, LLC*, 23-cv-11242, 2024 WL 2326082, at *1 (S.D.N.Y. May 22, 2024). Even if the anticipated motion to dismiss does not ultimately dispose of the entire complaint, disposition of the motion will likely narrow or clarify the issues in the case, meaningfully diminishing any future discovery burden. *See Magee v. Walt Disney Co.*, 19-cv-10274, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) ("because the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties resources and would constitute an undue burden on Defendants.") (internal quotation marks omitted)); *Spinelli v. Nat'l Football League*, 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable").

     Finally, Plaintiff cannot allege any prejudice from a stay of discovery. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Dunning*, 2024 WL 2326082, at *2 (quoting *Boelter*, 2016 WL 361554, at *5); *Spencer Trask Software and Info. Servs.*, 205 F.R.D. 367, 368 (S.D.N.Y. 2002) (same); *see also Broccoli*, 2023 WL 6795253, at *2 ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay.") (quoting *O'Sullivan v. Deutsche Bank AG*, 17-cv-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018)). Here, where Defendant's motion to dismiss will be fully briefed on May 22, 2025, a stay will not unduly delay this action or prejudice Plaintiff.

     In sum, a stay of discovery is warranted in this case because "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion to dismiss, discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiff[]." *Spinelli*, 2015 WL 7302266, at * 2. Accordingly, CUNY respectfully requests a pre-motion conference regarding its anticipated motion for a stay of discovery pending the resolution of its motion to dismiss.

     Thank you for your time and consideration of this request.

Respectfully submitted,

/s/ *Shaina Schwartz*
Shaina L. Schwartz
Assistant Attorney General
28 Liberty Street
New York, New York 10005

Honorable Robert W. Lehrburger                                      Page 4 of 4
April 10, 2025

shaina.schwartz@ag.ny.gov
212-416-8560

cc:    Alan M. Mendelsohn (*via* ECF)
       Seth M. Cohen (*via* ECF)
       Ziporah Reich (*via* ECF)
       Michael C. Hefter (*via* ECF)