# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**BY ECF**

April 15, 2025

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Garrett v. City Univ. of New York,* No. 24-cv-9710 (VSB)

Dear Judge Lehrburger:

      On behalf of Plaintiff Leah Garrett ("Plaintiff"), we write pursuant to Your Honor's Individual Practices in Civil Cases and in response to Defendant City University of New York's ("CUNY") April 10, 2025 letter (ECF No. 17, the "Letter") requesting a pre-motion conference with respect to CUNY's anticipated motion to stay discovery pending the resolution of its motion to dismiss (ECF No. 12, the "Motion to Dismiss").

      As the Court is aware, Plaintiff is the Chair in Jewish Studies and Director of Hebrew and Jewish Studies at CUNY Hunter. Plaintiff commenced this case in order to remedy the rampant antisemitism allowed to fester on campus by CUNY Hunter's leadership and administrators. Plaintiff asserts a hostile work environment claim under Title VII of the Civil Rights Act and several state law claims to seek relief for the injuries she has suffered, including significant psychological distress.[1]

      Absent good cause, district courts routinely refuse to stay discovery merely because a motion to dismiss has been filed. *See Ziyue Guo v. Xin Yao*, No. 23-CV-7486 (AT) (RWL), 2024 U.S. Dist. LEXIS 91829, *1 (S.D.N.Y. May 22, 2024) (Lehrburger, J.) ("[A] motion to dismiss does *not* stay discovery, although a district court may grant such a stay for good cause.") (Emphasis added.) In evaluating "good cause", courts consider: (1) the relative strength of the pending motion; (2) the breadth of discovery sought; (3) the burden of responding to it; and (4) the extent, if any, of unfair prejudice to the party opposing the stay. *Id.* at *2. "As the party seeking the stay, [CUNY] bear[s] the burden of demonstrating good cause." *Id.*

---

[1] Because CUNY has not consented to federal jurisdiction, Plaintiff intends to dismiss the pendant state law claims voluntarily (Counts II, III and IV), and reserves the right to re-file those claims in the New York State Court of Claims.

Alston & Bird LLP                                                                                            www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

April 15, 2025
Page 2

I. **CUNY Has Not Made a "Strong Showing" That Plaintiff's Title VII Claim Is Unmeritorious.**

CUNY requests a stay because its Motion to Dismiss purports to "[provide] multiple, well-grounded bases for dismissing the Complaint." ECF No. 17 at 2. As an initial matter, CUNY applies the wrong standard. In *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, the court rejected as "overly lenient" the application of the "without foundation in the law" standard that CUNY applies in its Letter. 12-cv-6010, U.S. Dist. LEXIS 72811, at *9-11 (S.D.N.Y. May 22, 2013). The court held: "Instead, we follow the courts that have required a motion for a stay be supported by 'substantial arguments for dismissal.'" *Id.* at *10 (citation omitted). *See also Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. Jan. 2, 2025) (finding no "strong showing" that claim is unmeritorious) (quotations omitted). That a motion to dismiss "may have merit" alone will not justify a stay of discovery where "Plaintiffs appear to have raised potentially meritorious arguments in response." *Ziyue Guo*, 2024 U.S. Dist. LEXIS 91829, at *2.

Applying the correct standard, a stay is not warranted. Just over two months ago, in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court rejected Cooper Union's attempt to dismiss a Title VI hostile educational environment claim[2] based on substantially similar factual allegations. In *Gartenberg v. Cooper Union for the Advancement of Sci. & Art*, 2025 U.S. Dist. LEXIS 20844 (S.D.N.Y. Feb. 5, 2025) ("*Gartenberg I*"), Jewish students alleged that Cooper Union failed to respond adequately to antisemitic harassment, focusing primarily on one demonstration that devolved into an angry mob scene at the library. In denying Cooper Union's motion to dismiss, the court emphasized that the elements of a hostile environment claim were fact-intensive and often require discovery. *Id.* at *59. Applying that framework, the court found that the same kinds of chants and vandalism Plaintiff alleges here (*e.g.,* "long live the intifada" and "from the river to the sea,") were sufficient to plead a discriminatory (*i.e.* antisemitic) motive. The Court also held that the use of these so-called "code words" or phrases could plausibly be understood as threatening by Jewish students, and therefore did not constitute protected "pure speech" immune from a Title VI claim. *Id.* at *45. Here, Plaintiff's allegations are *similarly* overtly antisemitic (*e.g.,* the display of swastikas, signs depicting blood dripping from the Star of David, and demonstrators targeting Hillel simply because it is a Jewish organization), and *at least* equally as severe and pervasive (involving numerous incidents spanning over a year). *See* ECF No. 1 ¶¶ 60, 63, and 88.

Notably, CUNY has offered no basis for the Court to depart from *Gartenberg I*. As a means to stay discovery, CUNY advances many of the same arguments for dismissal rejected by the Court in *Gartenberg I*. At a minimum, it demonstrates a stay is

---

[2] "Title VI and Title VII have almost identical requirements, employ identical analytical frameworks, and employ the same pleading requirements at the motion to dismiss stage." *Wang v. Bethlehem Cent. Sch. Dist.*, No. 1:21-CV-1023 (LEK/DJS), 2022 U.S. Dist. LEXIS 140153, at *92 (N.D.N.Y. Aug. 8, 2022).

inappropriate because Plaintiff has advanced "potentially meritorious arguments in response." *Ziyue Guo*, 2024 U.S. Dist. LEXIS 91829, *2.

## II.     Discovery Will Not Be Overly Burdensome.

Contrary to CUNY's speculation as to the scope of discovery (which has not begun), discovery will not be "overly burdensome." *Ziyue Guo*, 2024 U.S. Dist. LEXIS 91829. Rather, discovery will be focused on the issue of how CUNY Hunter addressed and responded to antisemitic acts and conduct during a relatively limited time-period. As an initial matter, Plaintiff would intend to seek the production of materials previously produced by CUNY in connection with its responses to investigations of antisemitism at CUNY Hunter, and thus could be re-produced without significant cost or burden. *See In re Platinum & Palladium Commodities Litig.,* 2010 U.S. Dist. LEXIS 145183, at *2 (S.D.N.Y. Nov. 30, 2010) (plaintiff's request for documents defendants previously produced to CFTC was "not overly burdensome" given "Defendants have already reviewed that production for privilege.")

## III.    A Stay Would Be Prejudicial to Plaintiff and Against the Public Interest.

CUNY's Motion to Dismiss, and its Letter seeking a stay, reflect CUNY's ongoing denial of the reality of life on campus for Plaintiff as a professor whose Jewish identity is highly visible given her title and academic focus. Plaintiff alleges that she has been specifically targeted and "doxed," including in threatening mass emails and social media posts sent by anti-Israel student groups. ECF No. 1 ¶ 11. The stay of discovery would prejudice Plaintiff by preventing an expeditious resolution of this matter. *See Ziyue Guo,* 2024 U.S. Dist. LEXIS 91829, at *3 (basing denial of stay in part on the fact that "[s]everal months could pass before [motion to dismiss] is decided"). "Further, if the allegations in the . . . [C]omplaint are true, any further delay will also be against the public interest in" further deferring judgment on Plaintiff's claims for relief, including the enforcement of much needed reforms at CUNY to address antisemitism. *Long Island Hous. Servs. v. Nassau Cty. Indus. Dev. Agency,* No. 14-cv-3307 (ADS)(AKT), 2015 U.S. Dist. LEXIS 161008, at *10 (E.D.N.Y. Dec. 1, 2015).

Moreover, courts have found that "witnesses' memories . . . fading with time" support denying a stay, which is likely to occur here given that most of the allegations relate to conduct that occurred about a year-and-a-half ago. *See Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 U.S. Dist. LEXIS 30492, at *9 (S.D.N.Y. Feb. 29, 2016). *See Asset Co IM Rest, LLC v. Katzoff,* 2024 U.S. Dist. LEXIS 29584, at *3 (S.D.N.Y. Feb. 21, 2024) (given the first two factors, "even a finding of no prejudice to Plaintiffs would not counsel in favor of a stay.")

***

For these reasons, while it is no surprise CUNY wants to avoid discovery demonstrating its failure to counteract the tide of antisemitism on campus in violation of Title VII, CUNY has not—and cannot—establish good cause for a stay.

April 15, 2025
Page 4

                              Respectfully submitted,

*/s/ Michael C. Hefter*
Michael C. Hefter
Seth M. Cohen
Alan M. Mendelsohn
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
T: 212-210-9400
michael.hefter@alston.com
seth.cohen@alston.com
alan.mendelsohn@alston.com

Ziporah Reich
**THE LAWFARE PROJECT**
90 Park Avenue
633 Third Avenue, 21st Floor New York, NY 10017
T: 212-339-6995
ziporah@thelawfareproject.org

*Attorneys for Plaintiff*

Cc:    Shaina Schwartz (*via* ECF)