Form as of August 20, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Leah Garrett

　　　　　　　　　　Plaintiff(s),

-against-

City University of New York

　　　　　　　　　　Defendant(s).

---

24 CIV. NO. 9710

**[Proposed] Civil Case Management Plan and Scheduling Order**

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on April 25, 2025.

2. **Alternative Dispute Resolution / Settlement:**

    a. Settlement discussions have ☐ / have not ☑ taken place.

    b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    　　N/A

    c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

    　　N/A

1

d. The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

N/A

e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

3. **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

Title VII claim based on hostile work environment arising from CUNY's failure to address rising antisemitism at CUNY Hunter College following the October 7, 2023 attack by Hamas against Israel.

Defendant(s):

As discussed in CUNY's motion to dismiss (ECF No. 12), Plaintiff's Title VII claim fails because almost all of the conduct alleged is protected political speech not discriminatory harassment directed at Plaintiff or prompted by her membership in a protected class. The remaining alleged conduct is not severe or pervasive. Finally, Plaintiff failed to allege how the conduct can be imputed to CUNY.

4. **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Federal question jurisdiction based on Plaintiff's Title VII claim. See 28 U.S. Code § 1331

5. **Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

CUNY Hunter's response to concerns Plaintiff raised about antisemitism on campus; CUNY Hunter's failure to address antisemitism; the specific incidents of antisemitic conduct and harassment addressed in the Complaint, and the response thereto; ongoing antisemitic harassment, and CUNY Hunter's ongoing failure to address it, since the Complaint was filed; and external funding received by CUNY Hunter that may relate to CUNY's policy and response to antisemitism.

2

<u>Defendant(s)</u>:

**Plaintiff's allegations and damages claimed by Plaintiff.**

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than __May 15, 2025__.

7. **Amended Pleadings:**

    a. No additional parties may be joined after __May 15, 2025__. Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.

    b. No amended pleadings may be filed after __May 15, 2025__. Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.

8. **Fact Discovery:**

    a. All fact discovery shall be completed by __November 21, 2025__.

    b. Initial requests for production were/will be served by __June 12, 2025__. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    c. Initial interrogatories shall be served by __June 12, 2025__. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    d. Depositions shall be completed by __November 21, 2025__.

    e. Requests to admit shall be served by __October 22, 2025__.

    f. The parties propose the following limits on discovery:

    The parties reserve the right to raise discovery disputes if/when they arise, after meeting and conferring, and in compliance with the applicable rules.

    g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

the Court, provided that the parties meet the deadline for completing fact discovery.

h. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

N/A

9. **Expert Discovery (if applicable):**

   a. The parties do ✓ / do not ☐ anticipate using testifying experts.

   b. Anticipated areas of expertise:
   
   Plaintiff anticipates using an expert on what constitutes antisemitism. Defendant reserves the right to designate either affirmative or rebuttal experts, and to challenge Plaintiff's designations of experts.

   c. Expert discovery shall be completed by February 19, 2026.

   d. By 11/07/2025, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e. The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

   N/A

10. **Electronic Discovery and Preservation of Documents and Information:**

    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

    a. The parties have ✓ / have not ☐ discussed electronic discovery.

    b. If applicable, the parties shall have a protocol for electronic discovery in place by June 12, 2025.

4

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

    N/A

11.    **Anticipated Motions** (other than summary judgment, if any):

    N/A

12.    **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

13.    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

14.    **Trial:**

    a.    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    b.    The case is ☑ / is not ☐ to be tried to a jury.

**c.** The parties anticipate that the trial of this case will require 5 ________ days.

**15. Other Matters the Parties Wish to Address (if any):**

N/A

**16.** The Court will fill in the following:

☐ A status conference will be held before the undersigned on ________________ at ______.m. in Courtroom 18D, 500 Pearl Street.

☐ The parties shall submit a joint status letter by ____________________ no longer than __ pages.

SO ORDERED.

Dated: April 29, 2025

___________________________

ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):

/s/ Michael C. Hefter

ATTORNEY NAME(s):

DEFENDANT(S):

Shaina Schwartz

ATTORNEY NAME(s)

| | |
|---|---|
| Seth M. Cohen; Alan M. Mendelsohn | |
| 90 Park Ave, New York, NY 10016 | 28 Liberty St. New York, NY 10005 |
| ADDRESS | ADDRESS |
| TEL: 212-910-9400 | TEL: 212-416-8560 |
| EMAIL: michael.hefter@alston.com | EMAIL: shaina.schwartz@ag.ny.gov |

7