# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**BY ECF**

July 31, 2025

Honorable Robert W. Lehrburger
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *Garrett v. City Univ. of New York,* No. 24-cv-9710 (VSB)

Dear Judge Lehrburger:

  On behalf of Plaintiff Leah Garrett ("Plaintiff"), we write to address Defendant City University of New York's ("CUNY") Notice of Supplemental Authority ("the Notice") (ECF No. 32). The supplemental authorities brought to the Court's attention by CUNY do not depart from this court's ruling in *Gartenberg v. Cooper Union for the Advancement of Sci. & Art*, 2025 U.S. Dist. LEXIS 20844 (S.D.N.Y. Feb. 5, 2025), which supports the denial of CUNY's motion to dismiss. While CUNY's supplemental authorities involve the application of the same legal standards already briefed, the similarities end there—the facts of those cases are entirely distinguishable from those presented by Plaintiff, thus rendering inapplicable any pleading deficiencies found in those cases to CUNY's 12(b)(6) motion pending before the Court.

  In one of CUNY's supplemental cases, *Eyal Yakoby v. Trs. of the Univ. of Pa.*, No. 23-4789, 2025 U.S. Dist. LEXIS 103709, at *18-19 (E.D. Pa. June 2, 2025), the district court found that "[a]t worst, Plaintiffs accuse [the University of Pennsylvania] of tolerating and permitting the expression of viewpoints which differ from their own."

  Here, however, Plaintiff has alleged that CUNY's actions went well beyond mere tolerance of political speech and amounted to deliberate indifference towards unprotected conduct that created a hostile environment for Plaintiff and Jewish students on campus. For example, in one incident, where swastikas—symbols of hatred and death towards Jews—were displayed at the entrance to the main campus building, CUNY officials failed to respond with urgency, instead insisting that it was "not that simple" to remove them.

Alston & Bird LLP   www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

July 31, 2025
Page 2

Moreover, Plaintiff alleges that, far from passively allowing antisemitism to fester on campus, CUNY itself engaged in conduct that discriminated against Jewish students and faculty. In one striking example, CUNY refused to allow a menorah lighting ceremony on campus—a tradition the Jewish community had observed at CUNY Hunter every year for decades—while permitting the celebration of Ramadan, an Islamic holiday. No such facts are present in the *Eyal Yakoby* case.

CUNY's other supplemental authorities likewise provide no new basis to dismiss Plaintiff's claims. In *Kopmar v. Ass'n of Legal Aid Attys.*, No. 24-CV-5158 (JPO), 2025 U.S. Dist. LEXIS 134446, at *15 (S.D.N.Y. July 15, 2025), the court concluded that "[t]he complaint and request for a TRO in the state-court lawsuit included only spare references to antisemitism," which focused entirely on one union resolution that the plaintiffs characterized as a diatribe against Israel. In contrast, Plaintiff alleges numerous instances of antisemitic harassment on campus, routinely ignored – and in some cases, stoked by – high level CUNY administrators, which demonstrate the type of pervasive harassment that supports a hostile work environment claim.

Finally, *Landau v. Corp. of Haverford Coll.*, No. 24-2044, 2025 U.S. Dist. LEXIS 123300, at *2 (E.D. Pa. June 30, 2025) is both procedurally and factually inapposite. In *Landau*, the court dismissed the original complaint and the first amended complaint, finding that "[d]espite an admonition from the Court to proceed with clarity and specificity as to who experienced what and when, Plaintiffs' Second Amended Complaint is riddled with much of the same ambiguity that tarnished their previous attempts." *Id.* There is no ambiguity in Plaintiff's Complaint as to what she has experienced as the Director of Jewish Studies at CUNY since October 7, 2023.

For these reasons, CUNY's Notice is simply more of the same distinguishable rhetoric relied on by CUNY in its 12(b)(6) briefing. Accordingly, Plaintiff respectfully requests that the Court deny CUNY's 12(b)(6) motion in its entirety for the reasons stated in Plaintiff's submissions.

Respectfully submitted,

*/s/ Michael C. Hefter*
Michael C. Hefter
Seth M. Cohen
Alan M. Mendelsohn
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016

July 31, 2025
Page 3

        T: 212-210-9400
        michael.hefter@alston.com
        seth.cohen@alston.com
        alan.mendelsohn@alston.com

Ziporah Reich
**THE LAWFARE PROJECT**
90 Park Avenue
633 Third Avenue, 21st Floor New York, NY 10017
T: 212-339-6995
ziporah@thelawfareproject.org

*Attorneys for Plaintiff*