# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**BY ECF**

November 21, 2025

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

   Re: *Garrett v. City Univ. of New York,* No. 24-cv-9710 (VSB) (RWL)

Dear Judge Lehrburger:

  On behalf of Plaintiff Leah Garrett ("Plaintiff"), we respectfully submit this letter motion pursuant to Rule II(D) of Your Honor's Individual Practices in Civil Cases and Local Rule 37.2, seeking to compel Defendant City University of New York ("CUNY") to produce all responsive documents from October 7, 2023, to the present concerning incidents of antisemitism at CUNY Hunter and CUNY's response to those incidents. This information is central to Plaintiff's hostile work environment claim, bearing directly on the pervasiveness of antisemitism at CUNY Hunter, CUNY's knowledge, and its pattern of inaction.

## I.  Background

  Plaintiff served her first Requests for Production on June 12, 2025. CUNY responded on July 25, 2025 limiting its production to documents concerning incidents of antisemitism specifically alleged in the Complaint.[1] During the meet-and-confer process, we explained to CUNY's counsel that post-October 7th antisemitic incidents at CUNY Hunter are relevant to the existence of a hostile work environment.

  CUNY responded in an e-mail dated August 4, 2025, that "documents and communications related to all complaints about antisemitism at CUNY Hunter is significantly overbroad, as conduct which Plaintiff was not aware of and is not challenging cannot support her hostile work environment claim." Following a subsequent

---

[1] For example, RFP No. 5 calls for the production of "Documents and Communications concerning any complaints, investigations, disciplinary proceedings, changes in academic status, or personnel and disciplinary actions taken or considered by CUNY Hunter concerning Antisemitism or any conduct involving Jews, Judaism, Israelis, Israel, the IDF, Zionists, or Zionism." CUNY stated in its Responses: "CUNY will search for and produce responsive, non-privileged documents relating to any complaint or investigation regarding the purported conduct at Hunter College which is alleged in the Complaint . . . ."

November 21, 2025
Page 2

videoconference meet-and-confer held on August 5, 2025, the parties discussed search terms in an attempt to obviate motion practice. However, CUNY quashed those efforts when it informed us on November 7, 2025 that it would "not separately search for or produce complaints of antisemitic conduct made by non-parties unrelated to the allegations in the Complaint."

## II.    CUNY's Position Contradicts Well-Established Title VII Precedent

CUNY's objection rests on the meritless position that discovery is confined to the Complaint's four corners. Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "'[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *In re Allergan PLC Sec. Litig.*, 2020 U.S. Dist. LEXIS 56164, at *8 (S.D.N.Y. Mar. 30, 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Courts specifically recognize the need for broad discovery in hostile work environment cases to allow plaintiffs to document their claims. "In such cases, **the scope of discovery must go beyond the specifics of the plaintiff's claim**." *Sampson v. Int'l Union of Operating Eng'rs Local 14-14B*, 2020 U.S. Dist. LEXIS 271924, at *15 (E.D.N.Y. July 8, 2020) (emphasis added) (citations omitted). "Since one of the critical inquiries with respect to a hostile environment claim is the nature of the environment itself, evidence of the general work atmosphere is relevant." *Belvin v. Electchester Mgmt., LLC*, 635 F. Supp. 3d 190, 202 (E.D.N.Y. 2022) (citations and quotations omitted). "Thus, . . . in a hostile workplace case, the trier of fact must examine the totality of the circumstances, including evidence of . . . harassment directed at employees other than the plaintiff." *Id.*[2] The Second Circuit has repeatedly affirmed this principle.[3]

Accordingly, courts consistently order employers to provide discovery concerning their handling of other incidents of the same category of discrimination, even when those incidents did not involve the plaintiffs and/or did not appear in the complaint. *See O'Rear v. Diaz*, 2024 U.S. Dist. LEXIS 216443, at *3 (S.D.N.Y. Nov. 27, 2024) (allowing discovery of incidents of harassment *pre-dating* plaintiff's employment despite the absence of allegations in the Complaint concerning a disparate impact claim or other victims of

---

[2] *See also Brown v. City of New York*, 2013 U.S. Dist. LEXIS 101337, at *33 n.7 (S.D.N.Y. July 18, 2013) ("[e]vidence of the harassment of women other than [the Plaintiff], if part of a pervasive or continuing pattern of conduct, is relevant to show the existence of a hostile environment") (citations and quotations omitted).

[3] *See Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 190 (2d Cir. 2001) ("[b]ecause the crucial inquiry focuses on the nature of the workplace environment *as a whole*," "evidence of harassment directed at" individuals other than the plaintiff "can be relevant to an employee's own claim of hostile work environment discrimination"). *See also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (concluding evidence of harassment directed at women other than plaintiff is relevant to hostile environment analysis).

November 21, 2025
Page 3

harassment).[4]  *See also Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 568 (S.D.N.Y. 2013) (ordering production of all "internal complaints that are 'conceivably related' to gender discrimination made by female employees . . . regardless of whether the complainant is a member of the putative class.") (citation omitted).[5]

The manner in which CUNY Hunter addressed other antisemitic incidents or anti-Jewish complaints is highly relevant to Plaintiff's hostile work environment claim. Plaintiff alleges that CUNY Hunter's failure to address antisemitism after October 7th created a hostile work environment demonstrating a pattern of blind indifference, and further, that CUNY Hunter neglected her concerns and those raised by other members of CUNY's Jewish community.  To date, CUNY Hunter has not articulated any cognizable burden of searching for and producing such information, much of which Plaintiff understands is maintained in a centralized system documenting reported incidents of discrimination.  Moreover, Plaintiff's requests are anything but overbroad; they are limited to one kind of discrimination— (antisemitism)—at one college—(CUNY Hunter)—during a circumscribed period—October 7, 2023 to the present.

Finally, in denying CUNY's Motion to Dismiss (ECF No. 41, the "MTD Order"), the Court found that "[r]elevant discriminatory conduct may also include incidents the plaintiff did not witness or that targeted others."  MTD Order at 38.  CUNY's refusal to produce documents related to such incidents ignores the Court's holding and would prevent Plaintiff from obtaining the very evidence deemed relevant by the Court.

Pursuant to Your Honor's Individual Practices, Plaintiff respectfully requests a conference on these issues.

Respectfully submitted,

*/s/ Michael C. Hefter*
Michael C. Hefter
Seth M. Cohen
Alan M. Mendelsohn
**ALSTON & BIRD LLP**

---

[4] "Courts have often found limiting the production of materials to the two years preceding the start of the plaintiff's employment, particularly in Title VII cases, to be appropriate." *Id*.  The discovery Plaintiff seeks is far more limited than what is typically allowed.

[5] *See also eShares, Inc. v. Talton*, 2025 U.S. Dist. LEXIS 118368, at *6 (S.D.N.Y. June 23, 2025) ("if other employees complained of sex or sexual orientation-based discrimination as Talton did, Carta's treatment of those complainants . . . is relevant to Talton's claim."); *Gorzynski v. Jetblue Airways Corp*., 2005 U.S. Dist. LEXIS 64830, at *23-24 (W.D.N.Y. Aug. 4, 2005) (compelling defendant to provide information "regarding complaints of discrimination and defendant's investigations thereof" notwithstanding defendant's objection to disclosing complaints made when plaintiff was no longer employed by defendant); *Ri Sau Kuen Chan v. NYU Downtown Hosp.*, 2004 U.S. Dist. LEXIS 16751, at *18 (S.D.N.Y. Aug. 19, 2004) (ordering production of documents "regarding complaints of sexual harassment made by [other] employees and the action taken in response to those claims.").

November 21, 2025
Page 4

90 Park Avenue
New York, NY 10016
T: 212-210-9400
michael.hefter@alston.com
seth.cohen@alston.com
alan.mendelsohn@alston.com

Ziporah Reich
**THE LAWFARE PROJECT**
90 Park Avenue
633 Third Avenue, 21st Floor New
York, NY 10017
T: 212-339-6995
ziporah@thelawfareproject.org

*Attorneys for Plaintiff*

Cc:    Shaina Schwartz (*via* ECF)