

**Office of the New York State**  
**Attorney General**

**Letitia James**  
**Attorney General**

December 3, 2025

**By ECF**
Honorable Robert W. Lehrburger
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Garrett v. City Univ. of New York*, No. 24-cv-9710 (VSB)(RWL)

Dear Judge Lehrburger:

      This Office represents Defendant, City University of New York ("CUNY"), in the above-referenced matter. I write in opposition to Plaintiff's letter motion to compel Defendant CUNY to produce "all responsive documents from October 7, 2023, to the present concerning incidents of antisemitism at CUNY Hunter and CUNY's response to those incidents." ECF No. 53 (the "Motion"). For the reasons set forth herein, Plaintiff's Motion should be denied.

      **I.**    **Plaintiff's Motion Fails to Satisfy Fed. R. Civ. P. 37 and Local Rule 37.1**

      As an initial matter, Plaintiff's letter does not identify with specificity what discovery she seeks in violation of the Federal and Local Rules. A Rule 37 motion "must identify responses to requests believed to be inadequate, and provide explanation as to why those responses are inadequate." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 2012 WL 4791804, at *5 (S.D.N.Y. Oct. 9, 2012). Similarly, Local Rule 37.1 requires that a movant "must specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed" and "set forth the grounds on which the moving party is entitled to prevail for each request or response." Plaintiff has not done so. The language in Plaintiff's Motion does not correlate to a specific discovery request, and she only references one document request as an example. Mot., p. 1 n. 1. This is insufficient to meet Plaintiff's burden. *See Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, 2014 WL 3747160, at *5 (S.D.N.Y. July 3, 2014) (denying motion to compel where *inter alia* "plaintiff failed to adhere to the requirement of Local Civil Rule 37.1 because it did not specify and quote or set forth verbatim in the motion papers each discovery request and responses to which the motion is addressed and set forth the grounds upon which it is entitled to prevail as to each request or response"); *Kilkenny v. Greenberg Traurig, LLP*, 2008 WL 371808, at *1 (S.D.N.Y. Feb. 7, 2008) (same).[1]

---

[1] CUNY presumes that Plaintiff seeks to compel production in response to Request No. 5, which seeks "Documents and communications concerning any complaints, investigations, disciplinary proceedings, changes in academic status, or personnel and disciplinary actions taken or considered by CUNY Hunter concerning Antisemitism or any conduct involving Jews, Judaism, Israelis, Israel, the IDF, Zionists, or Zionism." *See* Ex. A. To the extent Plaintiff seeks to compel documents in response to any other request, CUNY reserves the right to respond separately.

**II.     The Discovery Sought Is Not Relevant, Is Unduly Burdensome, and Is Not Proportional**

Plaintiff has not met her burden of demonstrating that complaints of antisemitism that are not alleged in the Complaint are relevant to her claim; therefore, the Motion should be denied. *See Beverley v. N.Y.C. Health and Hosps. Corp.*, 2024 WL 1342806, at *9 (S.D.N.Y. Mar. 29, 2024) ("[T]he burden of demonstrating relevance is on the party seeking discovery."). Indeed, Plaintiff's sole attempt to show relevance is a vague statement that these documents bear on the "pervasiveness of antisemitism at CUNY Hunter, CUNY's knowledge, and its pattern of inaction." Mot., p. 1. Such conclusory statements are not sufficient to carry Plaintiff's burden. *Id*. ("conclusory statements that [the] requests are relevant is not enough.").

"Moreover, the moving party must provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case." *Id*. Plaintiff fails to do so.[2] Plaintiff's argument that unidentified and unknown potential complaints of antisemitic conduct involving third parties are relevant to the "pervasiveness of antisemitism at CUNY Hunter," Mot., p. 1, misses the mark, because as this Court noted, incidents of alleged harassment are only relevant to Plaintiff's claim if they have a nexus to Plaintiff (either the conduct was directed at her, she witnessed it or was aware of it contemporaneously). ECF No. 41 ("R&R"), at p. 38. Complaints of antisemitic conduct which do not have a nexus to Plaintiff are therefore not relevant to the "pervasiveness" element of Plaintiff's claim. *Id*.; *Guzman v. News Corp., et al.*, No. 09-cv-9323, (S.D.N.Y. Oct. 20, 2010), ECF No. 37, p. 5, n. 1 (Ex. B) (denying motion to compel complaints against all employees in the plaintiff's workplace, noting that "inappropriate comments made by unspecified employees . . . may appropriately be considered by the court . . . if she was aware of them, even if they were not directed at her. This does not allow [the plaintiff] to seek discovery of all complaints made against every employee in her work environment. These possible complaints do not form part of the environment to which [the plaintiff] has been subjected.").[3] Presumably, incidents that have the requisite nexus to Plaintiff were alleged in the 57-page Complaint and are included in the scope of what CUNY agreed to produce.[4] Plaintiff should not be allowed to conduct a fishing expedition in an attempt to find allegedly harassing conduct that she was entirely unaware of.

Nor is this information relevant to imputing the alleged conduct to CUNY. Plaintiff's vague assertion concerning "CUNY's knowledge and its pattern of inaction," Mot., p. 1, does not establish relevance. First, Plaintiff does not and cannot explain what "knowledge" this information would demonstrate or why it would be relevant to CUNY's awareness of the conduct that Plaintiff

---

[2] To establish her claim of hostile work environment, Plaintiff must "demonstrate (1) that her workplace was 'permeated with discriminatory intimidation' so severe or pervasive as to alter the conditions of her work environment; and (2) 'that a specific basis exists for imputing the conduct that created the hostile work environment to the employer.'" *Clemente v. N.Y.S. Div. of Parole*, 684 F. Supp. 2d 366, 372-73 (S.D.N.Y. 2010).
[3] Moreover, while Plaintiff indiscriminately requests "all complaints of antisemitism," she ignores the fact that most of her own complaints have already been deemed non-actionable in this case. *See* R&R, pp. 17-26, 29 (holding, *inter alia*, that protests, a film screening, and the dissemination of flyers, open letters, mass emails, and social media posts were outside the scope of Title VII). Thus, to the extent other individuals complained about separate, but similar activities, they have no probative value in this case.
[4] CUNY has agreed to produce documents about the conduct alleged in the Complaint (including third party complaints about the conduct alleged in the Complaint) and complaints of antisemitic conduct that Plaintiff reported even if they were not alleged in the Complaint.

purportedly experienced. Moreover, complaints about purported antisemitism against individuals who were not involved in the conduct upon which Plaintiff's hostile work environment claim is plausibly premised (*see* R&R p. 39) have no bearing on Plaintiff's claim.[5] *See Spina v. Our Lady of Mercy Med. Ctr.*, 2001 WL 630481, at *2-3 (S.D.N.Y. June 7, 2001) (denying motion to compel because request for complaints against individual who was not involved in creating the alleged hostile work environment was "merely a fishing expedition.").

Put simply, there is no basis to compel the production of all ESI involving complaints college-wide at an institution with tens of thousands of students and employees without any showing that they were connected to Plaintiff in any way. This is a single plaintiff case asserting a single hostile work environment claim. It is not a referendum on purported antisemitism at Hunter College; it is about the work environment Plaintiff herself experienced. Thus, Plaintiff's attempt to get discovery on conduct that she did not experience or even know of, which has no relevance to her claim, should not be countenanced by the Court. *Evans v. Calise*, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) ("Fed. R. Civ. P.26(b)(1) does not allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so. The party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition.") (cleaned up).

Moreover, the case law cited by Plaintiff is unavailing.[6] Many of the cases Plaintiff relies on involve different claims with different elements; therefore, the scope of relevant discovery is not analogous.[7] Indeed, Plaintiff only cites a single case where a court has compelled production of such material in a hostile work environment case. However, CUNY has demonstrated that this information is not relevant and is unduly burdensome to produce (*see* infra), and that courts have denied motions to compel this information in similar cases. *See, e.g., Guzman*, at pp. 2-4; *Spina*, 2001 WL 630481, at *2-3.

Finally, collecting and reviewing third party complaints and all related ESI is unduly burdensome and not proportional to the needs of the case given the lack of probative value. *See Chen-Oster*, 293 F.R.D. at 567 ("[T]he likelihood that discovery of complaints by employees in the non-revenue divisions will be overly burdensome outweighs the scant possibility of uncovering admissible evidence."). Plaintiff's misleading assertion that it would not be burdensome as "much of this information is maintained in a centralized system" is belied by the language of her request. Plaintiff's request is not limited to complaints located in the centralized reporting system. Instead, she seeks the complaints, investigation files, and all related ESI, which is far more expansive. And because such complaints are not relevant, such a production is not warranted.

---

[5] Indeed, Plaintiff has only identified a single individual who allegedly engaged in antisemitic conduct, and CUNY has already represented that it does not have other formal complaints of antisemitic harassment against her. Ex. A, pp. 27-28.

[6] Plaintiff's argument about this Court's R&R also misses the mark. Mot., p. 3. While the Court noted that relevant conduct may also include incidents which Plaintiff did not witness or that targeted others, the next sentence states that Plaintiff "must establish some nexus between the discriminatory conduct and their subjective experience in the workplace." *See* R&R, p., 38; *see also* p. 2, *supra*.

[7] *See, e.g.*, *Ri Sau Kuen Chan v. N.Y. Univ.*, 2004 WL 1886009, at *5 (S.D.N.Y. Aug. 23, 2004) (finding that other complaints were relevant to causal connection and pretext); *see also eShares Inc. v. Talton* 2025 WL 1736576, at *3 (S.D.N.Y. June 23, 2025) (same); *Gorzynski v. JetBlue Airways Corp.*, 2005 WL 8156622, at *4 (same). *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013), is further inapposite because the scope of discovery in a class-action is not comparable to a single-plaintiff case.

Hon. Robert W. Lehrburger                                                                         December 3, 2025

      Accordingly, Plaintiff has not met her burden of demonstrating that the requested discovery is relevant to her claim, and the Motion should be denied.

                                    Respectfully submitted,

                                    /s/ *Shaina Schwartz*
                                    Shaina L. Schwartz
                                    Assistant Attorney General
                                    28 Liberty Street
                                    New York, New York 10005
                                    shaina.schwartz@ag.ny.gov
                                    212-416-8560

cc:    Alan M. Mendelsohn (*via* ECF)
       Seth M. Cohen (*via* ECF)
       Ziporah Reich (*via* ECF)
       Michael C. Hefter (*via* ECF)