UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEAH GARRETT,

                        Plaintiff,

        -against-

CITY UNIVERSITY OF NEW YORK
                    Defendant.

---

Civil Case No.: 24-CV-9710 (VSB)

**ANSWER TO COMPLAINT**

---

Defendant City University of New York ("CUNY"), by its attorney New York State Attorney General Letitia James, answers the Complaint dated December 17, 2024, ("Complaint") of Plaintiff Leah Garrett ("Plaintiff") as follows:

CUNY denies the allegations contained in each unnumbered paragraph and heading in the Complaint. CUNY denies any allegations in the Complaint that are not specifically addressed herein. This answer is based upon information currently available to CUNY and CUNY reserves the right to supplement the answer as more information becomes available.

<u>**AS TO THE PRELIMINARY STATEMENT**</u>

1.      Admits the allegations in paragraph 1 of the Complaint, except respectfully refers to the referenced policies and procedures for a complete and accurate statement of their contents and denies any characterization thereof. The allegations contained in footnote 1 to paragraph 1 contain legal conclusions to which no response is required.

2.      Denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff is the Larry A. and Klara Silverstein Chair in Jewish Studies and Director of Hebrew and Jewish Studies at Hunter College.

3.      Denies information or knowledge sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the Complaint.

4.      Denies the allegations contained in paragraph 4 of the Complaint.

5.      Denies the allegations contained in paragraph 5 of the Complaint.

6.      Denies the allegations contained in paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint, except denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph footnote 2 of paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      Denies the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint.

11.     Denies the allegations contained in paragraph 11 of the Complaint, except admits that Plaintiff a complaint against Michaela Soyer by sending an email to the Office of Diversity and Compliance dated June 13, 2023, that John Rose drafted a memorandum to file dated September 25, 2023 regarding his investigation of Plaintiff's complaint, and that John Rose communicated the findings of his investigation to Plaintiff on or around September 18, 2023, respectfully refers to the documents herein for a full and complete recitation of their contents and denies any characterization thereof.

12.     Denies the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint, except denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff purports to bring the claims listed in paragraph 16 of the Complaint but denies that Plaintiff's claims are valid or that she is entitled to relief thereunder.

## AS TO THE ADMINISTRATIVE PROCEDURES

17.     Paragraph 17 contains legal conclusions as to which no response is required.  To the extent any response is deemed to be required, CUNY denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

## AS TO VENUE AND JURISDICTION

18.     Paragraph 18 contains legal conclusions as to which no response is required.  To the extent any response is deemed to be required, CUNY admits that Plaintiff purports to assert jurisdiction under the cited statute, respectfully refers to that statute for a complete and accurate statement of its contents, and denies any characterization thereof.

19.     Paragraph 19 contains legal conclusions as to which no response is required.  To the extent any response is deemed to be required, CUNY admits that Plaintiff purports to assert jurisdiction under the cited statute, respectfully refers to that statute for a complete and accurate statement of its contents, and denies any characterization thereof.

20.     Paragraph 20 contains legal conclusions as to which no response is required.  To the extent any response is deemed to be required, CUNY admits that Plaintiff purports to assert venue under the cited statute, respectfully refers to that statute for a complete and accurate statement of its contents, and denies any characterization thereof.

## AS TO THE PARTIES AND RELEVANT NON-PARTIES

21.     Admits that Plaintiff is the Larry A. and Klara Silverstein Chair in Jewish Studies

and Director of Hebrew and Jewish Studies at Hunter College.  CUNY denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 21, except CUNY admits that documents maintained by CUNY indicate that Plaintiff is a citizen of the United States.  The third sentence contains legal conclusions as to which no response is required.  With respect to the fourth sentence, CUNY admits that Hunter College sent Plaintiff a letter dated July 31, 2017, respectfully refers to the letter for a complete and accurate statement of its contents, and denies any characterization thereof.

22.    Paragraph 22 of the Complaint contains legal conclusions as to which no response is required.  To the extent any response is deemed to be required, CUNY admits that CUNY is a system of higher education organized pursuant to Article 125 of New York Education Law § 6203, *et seq.*, respectfully refers to that statute for a complete and accurate statement of its contents, and denies any characterization thereof.

23.     Denies the allegations contained in paragraph 23 of the Complaint, except admits the allegations contained in the first and fourth sentences, further admits that John Rose is the Dean of Diversity and Compliance, avers that Ann Kirschner served as Interim President of Hunter College from July 2023 to August 2024, and further avers that Andrew Polsky was the Dean of the School of Arts and Sciences until August 2024.

**AS TO THE FACTUAL BACKGROUND**

24.    Paragraph 24 of the Complaint contains legal conclusions as to which no response is required.  To the extent any response is required, CUNY admits that Plaintiff purports to bring this action pursuant to the statute listed therein but denies that Plaintiff states a claim or is entitled to any relief thereunder.

25.    Paragraph 25 of the Complaint contains legal conclusions as to which no response

is required.  To the extent any response is required, CUNY admits that Plaintiff purports to bring this action pursuant to the statute listed therein but denies that Plaintiff states a claim or is entitled to any relief thereunder.

26.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Admits the allegations contained in paragraph 29 of the Complaint, except avers that Hunter College is one of twenty-six campuses within the CUNY system.

30.     Admits that the Hunter College website has language as alleged in paragraph 30 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

31.     Admits that the Hunter College website has language as alleged in paragraph 31 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

32.     Denies the allegations contained in paragraph 32 of the complaint, except avers that John Rose is the Dean, Diversity and Compliance, and admits that the Hunter College website has language as alleged in paragraph 32 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

33.     Admits that the Hunter College website has language as alleged in paragraph 33 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

34.    Admits that the Hunter College Handbook has language as alleged in paragraph 34 of the complaint, respectfully refers to the handbook for a full and complete recitation of its contents, and denies any characterization thereof.

35.    Denies the allegations contained in paragraph 35 of the complaint, except admits that certain campuses have hosted SafeZone trainings, and denies any characterization thereof.

36.     Admits that the Hunter College Handbook has language as alleged in paragraph 36 of the complaint, respectfully refers to the handbook for a full and complete recitation of its contents, and denies any characterization thereof.

37.    Admits that the Hunter College website has language as alleged in paragraph 37 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

38.    Admits that the Hunter College website has language as alleged in paragraph 38 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

39.    Admits that the Hunter College website has language as alleged in paragraph 39 of the complaint, respectfully refers to the website for a full and complete recitation of its contents, and denies any characterization thereof.

40.    Admits that CUNY has a Policy on Equal Opportunity and Non-Discrimination as alleged in paragraph 40 of the Complaint, respectfully refers to the policy for a full and complete recitation of its contents, and denies any characterization thereof.

41.    Paragraph 41 contains legal conclusions as to which no response is required.  To the extent any response is deemed to be required, CUNY admits that Policy 6.02 of the Manual of General Policy is the Policy on Equal Opportunity and Non-Discrimination, and that the letter

CUNY sent to Plaintiff dated July 31, 2017 contains the language alleged in paragraph 41, respectfully refers to the policy and letter for a complete and accurate statement of their contents, and denies any characterization thereof.

42.    Admits that CUNY's Policy on Equal Opportunity and Non-Discrimination has language as alleged in paragraph 42 of the Complaint, respectfully refers to the policy for a full and complete recitation of its contents, and denies any characterization thereof.

43.    Admits that CUNY's Manual of General Policy has language as alleged in paragraph 43 of the Complaint, respectfully refers to the policy for a full and complete recitation of its contents, and denies any characterization thereof.

44.    Admits that CUNY's Manual of General Policy has language as alleged in paragraph 44 of the Complaint, respectfully refers to the policy for a full and complete recitation of its contents, and denies any characterization thereof.

45.    Admits that there is a communication on Hunter College's website dated August 28, 2024 which has language as alleged in paragraph 45 of the Complaint, respectfully refers to the policy for a full and complete recitation of its contents, and denies any characterization thereof.

46.    Denies the allegations contained in paragraph 46 of the Complaint, except admits that Chancellor James Milliken engaged Barbara Jones and Paul Schectman to conduct an independent investigation of alleged incidents of antisemitism, that Barbara Jones and Paul Schectman prepared a report of their findings on or around September 6, 2016, respectfully refers to the report for a full and complete recitation of its contents, and denies any characterization thereof.  CUNY further denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in footnote 5 to paragraph 46 of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint, except admits

that Linda Sarsour delivered the commencement address at the CUNY School of Public Health in May 2017.

48.    Admits the allegations contained in the first sentence of paragraph 48. CUNY denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 48. With respect to the third and fourth sentence, CUNY denies the allegations, except admits that CUNY sent Plaintiff a letter dated July 31, 2017 stating that Plaintiff was offered a full time faculty appointment at the rank of Full Professor with tenure in the Department of Classical and Oriental Studies and that Plaintiff would also serve as the Director of the Jewish Studies Center and Jewish Studies Program at Hunter College, respectfully refers to the letter for a full and complete recitation of its contents, and denies any characterization thereof. CUNY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence regarding Plaintiff's conversation with Jennifer Raab.

49.    Denies the allegations contained in paragraph 49 of the Complaint.

50.    Denies the allegations contained in paragraph 50 of the Complaint, except admits that the Hunter College website has a communication dated January 10, 2024 regarding the Eva Brust Cooper Fellowship Program, respectfully refers to the communication for a full and complete recitation of its contents, and denies any characterization thereof.

51.    Denies the allegations contained in paragraph 51 of the Complaint, including footnote 6 to paragraph 51.

52.    Denies the allegations contained in paragraph 52 of the Complaint, except admits that Plaintiff sent emails to Hunter College administrators regarding incidents of alleged antisemitism, respectfully refers to those emails, and denies any characterization thereof.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint, except admits that a protest took place on or around October 12, 2023.

56.     Denies the allegations contained in paragraph 56 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 56.

57.     Denies the allegations contained in paragraph 57 of the Complaint, except admits that Plaintiff sent an email to Andrew Polsky and John Rose on December 11, 2023, respectfully refers to the email for a full and complete recitation of its contents, and denies any characterization thereof.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint, except denies knowledge and information to sufficient to form a belief as to the truth of the allegation regarding what Caroline Gelman told Plaintiff, and admits that on November 10, 2023, Plaintiff sent emails to Ann Kirschner and Andrew Polsky, respectfully refers to the emails for a full and complete recitation of their contents, and denies any characterization thereof.

60.     Denies the allegations contained in paragraph 60 of the Complaint, except admits that Plaintiff sent emails to Ann Kirschner, Andrew Polsky, Manoj Pardasani, and John Rose on November 13, 2023 and Gustavo Ordonez sent an email to Plaintiff, respectfully refers to the emails for a full and complete recitation of their contents, and denies any characterization thereof. CUNY further admits that CUNY covered the posters with the swastikas after they were reported.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the statements contained in the first four sentences of paragraph 62.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Faculty Senate meetings.

65.     Denies the allegations contained in paragraph 65 of the Complaint

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint, except admits that Andrew Polsky sent Plaintiff an email on or around June 14, 2023, respectfully refers to the email for a full and complete recitation of its contents, and denies any characterization thereof.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint, except CUNY admits that Plaintiff reported a complaint from a student by email to Donna Haverty-Stacke, John Rose, Andrew Polsky, Manoj Pardasani, and Ann Kirschner on November 28, 2023, respectfully refers to the email for a full and complete recitation of its contents, and denies any characterization thereof.

70.     Denies the allegations contained in paragraph 70 of the Complaint, except admits that Plaintiff was copied on an email from a student dated May 19, 2024 discussing the History Society, that Noah Gelfand responded to the student's email on May 19, 2024, and that Plaintiff sent an email to Noah Gefland, Donna Haverty-Stacke, Aaron Welt, and Eija Ayravainen regarding the student's complaint on May 20, 2024, respectfully refers to the emails for a full and

complete recitation of their contents, and denies any characterization thereof.  CUNY also denies information or knowledge sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 70 of the Complaint.

71.    Denies the allegations contained in paragraph 71 of the Complaint.

72.    Denies the allegations contained in paragraph 72 of the Complaint, except admits that Plaintiff sent an email to Ann Kirschner on or around November 14, 2023, respectfully refers to the email for a full and complete recitation of its contents, and denies any characterization thereof.

73.    Denies the allegations contained in paragraph 73 of the Complaint, except admits that the movie Israelism was screened at Hunter College on or about December 5, 2023, and that Ann Kirschner and Andrew Polsky attended the screening.

74.    Denies the allegations contained in paragraph 74 of the Complaint.

75.    Denies the allegations contained in paragraph 75 of the Complaint.

76.    Denies the allegations contained in paragraph 76 of the Complaint, except admits that John Rose sent an email to Rabbi Boruch Jacobson on December 1, 2023, respectfully refers to that email for a full and complete recitation of its contents and denies any characterization thereof.

77.    Denies the allegations contained in paragraph 77 of the Complaint.

78.    Denies the allegations contained in paragraph 78 of the Complaint.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 79, admits that Plaintiff sent an email to Ann Kirschner on October 18, 2023 at or around 6:29 a.m. which contains the language in paragraph 79, and that Ann Kirschner responded to Plaintiff's email at or around 6:56 a.m.,  stating

"Yes, we will have someone with us on the 17th floor[,]" respectfully refers to the emails for a full and complete recitation of their contents and denies any characterization thereof.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint, except admits the allegations contained in the first and second sentence of paragraph 81.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

83.      Denies the allegations contained in paragraph 83 of the Complaint, except admits that on or around October 31, 2023, Governor Kathy Hochul announced that she would appoint Judge Jonathan Lippman to conduct an independent third party-review of CUNY's policies and procedures related to antisemitism and discrimination, respectfully refers to the report issued by Judge Lippman dated September 23, 2024 for a full and complete recitation of its contents, and denies any characterization thereof.

84.     Denies the allegations contained in paragraph 84 of the Complaint, except denies information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff's communications with Governor Hochul's staff.

85.     Denies the allegations contained in paragraph 85 of the Complaint, except admits that Hon. Lippman issued a report dated September 23, 2024.

86.     Denies the allegations contained in paragraph 86 of the Complaint, except admits that Plaintiff forwarded an email from Ruth Fuchs Hallett to John Rose, Andrew Polsky, Ann Kirschner, Joseph Foelsch, and Manoj Paradasani at around 1:07 p.m. on February 8, 2024, and that Plaintiff also sent emails at 1:19 p.m. and 1:57 p.m. on February 8, 2024, respectfully refers to the emails for a full and complete recitation of their contents and denies any characterization thereof.

87.     Denies the allegations contained in paragraph 87 of the Complaint, except admits that Andrew Polsky sent an email to Plaintiff on February 23, 2024, refers to the email for a full and complete recitation of its contents, and denies any characterization thereof.

88.     Denies the allegations contained in paragraph 88 of the Complaint, except admits that a protest took place on February 28, 2024, and that Plaintiff sent an email to Ann Kirschner, Manoj Pardasani, Andrew Polsky, Erica Chito Childs, John Rose, and Joseph Foelsch on February 28, 2024, respectfully refers to the email for a full and complete recitation of its contents and denies any characterization thereof.

89.     Denies the allegations contained in paragraph 89 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings, admits that Ann Kirschner sent an email to Merav Braun on February 28, 2024, refers to the email for a full and complete recitation of its contents and denies any characterization thereof.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     Denies the allegations contained in paragraph 91 of the Complaint, except admits that Plaintiff sent an email to Joseph Foelsch, John Rose, Erica Chito Childs, Andrew Polsky, Manoj Pardasani, Doron Friedman, Merav Braun, and Ann Kirschner on May 5, 2024, respectfully refers to the email for a full and complete recitation of its contents and denies any characterization thereof.

92.     Denies the allegations contained in paragraph 92 of the Complaint, except admits that starting at 3:00 p.m. on May 6, 2024, most classes at Hunter College's main campus were held remotely.

93.     Denies the allegations contained in paragraph 93 of the Complaint, except admits

that Manoj Pardasani sent Plaintiff an email on March 1, 2024 and extended an offer to meet with Plaintiff and discuss Plaintiff's recommendations, respectfully refers to the email for a full and complete recitation of its contents, and denies any characterization thereof.

94.     Denies the allegations contained in paragraph 94 of the Complaint, except admits that Jessica Alvarez sent Plaintiff a letter on March 20, 2024, respectfully refers to the letter for a full and complete recitation of its contents and denies any characterization thereof.

95.     Denies the allegations contained in paragraph 95 of the Complaint.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     Denies the allegations contained in paragraph 97 of the Complaint, except admits that Jessica Alvarez sent Plaintiff a letter on March 20, 2024, respectfully refers to the letter for a full and complete recitation of its contents and denies any characterization thereof.

98.     Denies the allegations contained in paragraph 98 of the Complaint, except admits that on March 14, 2024, the email address "cunyniancoalition@gmail.com" sent an email to the Hunter Dean of Students, Plaintiff, Merav Braun, Ann Kirschner, and the email address "psa.huntercollege@gmail.com", and that Plaintiff sent an email to Ann Kirschner and John Rose on March 14, 2024, respectfully refers to the emails for a full and complete recitation of their contents, and denies any characterization thereof.

99.     Denies the allegations contained in paragraph 99 of the Complaint, except admits that an Adjunct Professor at Hunter College sent an email to Margaret Chin, Plaintiff, and Andrew Polsky on March 31, 2024, regarding an email he received from a student, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings.

100.     Denies the allegations contained in paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint, except admits that CUNY entered into a voluntary resolution agreement with the U.S. Department of Education's Office for Civil Rights, respectfully refers to the agreement for a full and complete recitation of its contents, and denies any characterization thereof.

102.    Denies the allegations contained in paragraph 102 of the Complaint, except admits that CUNY entered into a voluntary resolution agreement with the U.S. Department of Education's Office for Civil Rights, respectfully refers to the agreement for a full and complete recitation of its contents, and denies any characterization thereof.

103.    Denies the allegations contained in paragraph 103 of the Complaint.

104.    Denies the allegations contained in paragraph 104 of the Complaint, except admits that Plaintiff commenced a year-long sabbatical in August 2024, and denies knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 104.

105.    Admits only that that the Hon. Lippman published a report dated September 23, 2024, respectfully refers to it for a full and accurate recitation of its contents and denies any characterizations thereof.

106.    The Complaint does not contain a paragraph 106.

107.    The Complaint does not contain a paragraph 107.

108.    The Complaint does not contain a paragraph 108.

109.    The Complaint does not contain a paragraph 109.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

## AS TO THE CAUSES OF ACTION

## AS TO THE FIRST CAUSE OF ACTION

113.    CUNY repeats and realleges each and every response contained in the preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

114.    Paragraph 114 contains legal conclusions to which no response is required.  To the extent any response is required, CUNY respectfully refers the Court to the statute.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent any response is required, CUNY admits that Plaintiff has been employed as the Director of Jewish Studies at Hunter College since 2018.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    Denies the allegations contained in paragraph 123 of the Complaint, except admits that Plaintiff emailed administrators at Hunter College regarding incidents of alleged antisemitic conduct.

124.    Denies the allegations contained in paragraph 124 of the Complaint.

125.    Denies the allegations contained in paragraph 125 of the Complaint.

126.    Paragraph 126 contains legal conclusions to which no response is required.

**AS TO THE SECOND CAUSE OF ACTION**

127.   No response is required to the allegations contained in paragraph 127 of the Complaint as Plaintiff has withdrawn her breach of contract claim.

128.   No response is required to the allegations contained in paragraph 128 of the Complaint as Plaintiff has withdrawn her breach of contract claim.

129.   No response is required to the allegations contained in paragraph 129 of the Complaint as Plaintiff has withdrawn her breach of contract claim.

130.   No response is required to the allegations contained in paragraph 130 of the Complaint as Plaintiff has withdrawn her breach of contract claim.

131.   No response is required to the allegations contained in paragraph 131 of the Complaint as Plaintiff has withdrawn her breach of contract claim.

132.   No response is required to the allegations contained in paragraph 132 of the Complaint as Plaintiff has withdrawn her breach of contract claim.

**AS TO THE THIRD CAUSE OF ACTION**

133.   No response is required to the allegations contained in paragraph 133 of the Complaint as Plaintiff has withdrawn her negligence claims.

134.   No response is required to the allegations contained in paragraph 134 of the Complaint as Plaintiff has withdrawn her negligence claims.

135.   No response is required to the allegations contained in paragraph 135 of the Complaint as Plaintiff has withdrawn her negligence claims.

136.   No response is required to the allegations contained in paragraph 136 of the Complaint as Plaintiff has withdrawn her negligence claims.

137.   No response is required to the allegations contained in paragraph 137 of the

Complaint as Plaintiff has withdrawn her negligence claims.

138.    No response is required to the allegations contained in paragraph 138 of the Complaint as Plaintiff has withdrawn her negligence claims.

139.    No response is required to the allegations contained in paragraph 139 of the Complaint as Plaintiff has withdrawn her negligence claims.

140.    No response is required to the allegations contained in paragraph 140 of the Complaint as Plaintiff has withdrawn her negligence claims.

141.    No response is required to the allegations contained in paragraph 141 of the Complaint as Plaintiff has withdrawn her negligence claims.

## AS TO THE FOURTH CAUSE OF ACTION

142.    No response is required to the allegations contained in paragraph 142 of the Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

143.    No response is required to the allegations contained in paragraph 143 of the Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

144.    No response is required to the allegations contained in paragraph 144 of the Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

145.    No response is required to the allegations contained in paragraph 145 of the Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

146.    No response is required to the allegations contained in paragraph 146 of the Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

147.    No response is required to the allegations contained in paragraph 147 of the Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

148.    No response is required to the allegations contained in paragraph 148 of the

Complaint as Plaintiff has withdrawn her negligent infliction of emotional distress claim.

## AS TO THE PRAYER FOR RELIEF

149.    Admits that Plaintiff purports to seek the relief described in the "Prayer for Relief" section of the Complaint, but denies that Plaintiff is entitled to any of the relief she requests.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

150.    The Complaint fails to state a claim against CUNY upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

151.    If Plaintiff sustained any injuries or harm, they were not caused by CUNY, but were caused, in whole or in part, by Plaintiff's own conduct or by the conduct of another party, a third party, or third parties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

152.    CUNY acted in good faith compliance with all relevant statutory laws and denies that it ever acted in willful disregard of Plaintiff's rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

153.    Punitive damages, if available, would be inappropriate because the conduct complained of by Plaintiff did not rise to the level of culpability that would justify an award of punitive damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

154.    Some or all of the relief requested by Plaintiff is not available under the applicable statutes and claims for relief.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

155.    CUNY has in place reasonable policies and procedures to handle discrimination complaints.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

156.    With respect to some or all of Plaintiff's claims and to the extent that Plaintiff is successful in recovering damages, Plaintiff's request for damages is barred to the extent that she has failed to mitigate those damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

157.    CUNY did not directly and/or proximately cause Plaintiff's injuries.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

158.    Some or all of Plaintiff's claims are barred by the relevant statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

159.    Plaintiff has failed to exhaust her administrative remedies with respect to some or all of her claims.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

160.    The Complaint fails to allege an adequate basis upon which Plaintiff should recover costs, expenses, or attorneys' fees.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

161.    All of the decisions made by CUNY, and any actions taken by same, were made for legitimate, nondiscriminatory reasons.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

162.    Punitive damages are not available against CUNY.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

163.    Some or all of Plaintiff's claims against CUNY are barred by New York State's

sovereign immunity and/or the Eleventh Amendment to the United States Constitution.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

164.    The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims against CUNY.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

165.    The allegations in the Complaint are not actionable under the applicable statutes, including for the reasons cited in the Court's Report and Recommendation on CUNY's Motion to Dismiss dated October 10, 2025 (ECF No. 41).

WHEREFORE, CUNY requests judgment dismissing the Complaint with prejudice, together with costs and disbursements, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 24, 2026

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        *Attorney for CUNY*

                                        By:
                                        /s *Shaina Schwartz*
                                        Shaina L. Schwartz
                                        Assistant Attorney General
                                        28  Liberty Street
                                        New York, New York 10005
                                        Tel.: (212) 416-8560
                                        shaina.schwartz@ag.ny.gov