# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**BY ECF**

June 1, 2026

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Garrett v. City Univ. of New York,* No. 24-cv-9710 (VSB) (RWL)

Dear Judge Lehrburger:

      We represent Plaintiff Leah Garrett in the above-captioned action.  Pursuant to Rule I(D) of Your Honor's Individual Practices in Civil Cases and Local Rule 7.1(e), Plaintiff respectfully requests an adjournment of the expert discovery deadline set forth in the Civil Case Management Plan and Scheduling Order (ECF No. 25), as modified by the Court's November 19, 2025 Order (ECF No. 52) and March 2, 2026 Order (ECF No. 65).  Under the existing case management schedule, the current deadline to complete expert discovery is June 1, 2026, which is before the current deadline to complete fact discovery.  Plaintiff respectfully submits that there was an inadvertent error in the parties' joint application to adjust the fact discovery deadline such that, while the fact discovery cutoff was adjourned on consent of the parties, the date for the completion of expert discovery was not adjusted commensurately.  For this reason, Plaintiff maintains that good cause exists to seek a modification of the existing case management order to allow for expert disclosures and discovery consistent with the Court's prior orders in this case.

      By way of background, the procedural history confirms that the parties always contemplated a meaningful period for expert discovery following the close of fact discovery.  The original scheduling order recites that the parties "do anticipate using testifying experts" (ECF No. 25 at 4), and sets the expert discovery cutoff roughly three months after the fact discovery cutoff.  The parties thereafter jointly moved to extend the fact discovery deadline, culminating in the Court's November 19, 2025 Order.  The November 19th Order preserved the original staging, extending fact discovery to March 3, 2026, and expert discovery to June 1, 2026—again, allowing for approximately three months for expert disclosures and discovery (ECF No. 52).  When the Court subsequently granted the next joint request to extend fact discovery to June 11, 2026 (ECF No. 65), the accompanying schedule inadvertently omitted a corresponding extension of the expert discovery deadline, which remained set at June 1, 2026.

---

Alston & Bird LLP                                             www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

June 1, 2026
Page 2

The consequence is an anomaly that could only have been unintended: the current expert discovery deadline (June 1) *precedes* the close of fact discovery (June 11), meaning the parties would have been required to complete expert discovery *before* the factual record on which any expert would necessarily rely was complete.

Consistent with the schedule that governed this case from its inception, Plaintiff reasonably understood the extension of fact discovery to carry with it a corresponding extension of the expert discovery deadline, which would have placed the expert cutoff in or about September 2026. A schedule may be modified for good cause, Fed. R. Civ. P. 16(b)(4), and good cause turns principally on the diligence of the party seeking the modification. *Rubik's Brand Ltd. v. Flambeau, Inc.,* 329 F.R.D. 55 (S.D.N.Y. 2019) (finding good cause to modify expert disclosure deadline where moving party acted with sufficient diligence and no prejudice resulted). That standard is readily satisfied here: the June 1, 2026, deadline could not have been sensibly met where fact discovery would not have closed until June 11, 2026, and Plaintiff proceeded with the reasonable expectation that the expert schedule would track the extended fact discovery period.

Plaintiff contends that Defendant would not suffer any prejudice by resetting the expert disclosure and discovery deadlines consistent with the Court's prior orders. Nothing in the record belies the notion that the parties shared a common understanding that the expert phase of this case would follow the close of fact discovery, no party has served expert disclosures or noticed expert depositions, and the relief sought merely restores the orderly sequence that the parties originally contemplated.

Plaintiff raised the issue of extending the June 1 deadline with counsel for Defendant last week, at least 48 hours before the deadline. After several communications, we understand that Defendant takes the position that this request is untimely. Based on communications with counsel, we understand that Defendant will argue that, because there was a May 11th deadline to meet and confer on an expert disclosure and discovery schedule, Plaintiff should be barred from offering expert testimony. This position ignores the anomaly created by the fact that the expert dates were not adjusted to track the end of fact discovery as discussed above. Indeed, the May 11th meet and confer date seems an oddity given that it would have required the parties to confer and agree on a schedule that would have required opening and rebuttal expert reports and expert depositions to take place merely within twenty-one days. Indeed, the parties expressly agreed that an adjournment of the other discovery deadlines would warrant setting a new schedule for expert disclosures — not merely a new date to confer. *See* (ECF No. 52 at 2 n.1) (agreeing that "if the other discovery deadlines are adjourned, a new deadline should be set for the Parties to determine a schedule for expert disclosures"). The subsequent adjournment of fact discovery (ECF No. 65) thus should have triggered precisely the recalibration of the expert schedule the parties contemplated.

To the extent that Defendant claims that this application is untimely based on Rule I(D) of Your Honor's Individual Practices, we respectfully submit that we have attempted to resolve the matter in good faith, and request leave to submit this application.

In this regard, although Defendant conveyed its position that the application is untimely, it nevertheless indicated that, if the Court were inclined to set an expert schedule,

June 1, 2026
Page 3

it would request that rebuttal expert reports be due by August 19, 2026, and that expert depositions be completed by September 25, 2026. The parties are thus substantially aligned on the contours of a workable schedule, and the schedule Plaintiff proposes below incorporates Defendant's proposed dates.

Given the history of the schedule in this matter, Plaintiff submits that it would be substantially prejudicial if she were prevented from offering expert testimony in this case. Given that Defendant contemplated at least a three-month period for expert disclosure and discovery since inception, it is entirely reasonable to adjust the current June 1 deadline to reflect that schedule.

Accordingly, Plaintiff respectfully requests that the Court set an expert discovery schedule as follows, incorporating the dates Defendant identified for rebuttal reports and the completion of expert discovery:

|  | Original Deadlines | Proposed Deadlines |
| --- | --- | --- |
| Completion of Plaintiff's expert disclosures pursuant to Rule 26(a)(2). | Not previously set. | June 29, 2026 |
| Completion of Defendant's expert disclosures pursuant to Rule 26(a)(2). | Not previously set. | July 29, 2026 |
| Rebuttal expert reports. | Not previously set. | August 19, 2026 |
| Completion of all expert discovery. | June 1, 2026 | September 25, 2026 |

Plaintiff submits that this is the third request for a modification of the dates in the original case management order, the first two of which were on consent. In the event the Court requires, we are available to address any questions.

Respectfully submitted,

*/s/ Michael C. Hefter*
Michael C. Hefter
Seth M. Cohen
Alan M. Mendelsohn
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
T: 212-210-9400
michael.hefter@alston.com
seth.cohen@alston.com
alan.mendelsohn@alston.com

Ziporah Reich
**THE LAWFARE PROJECT**

June 1, 2026
Page 4

90 Park Avenue
633 Third Avenue,
21st Floor New York, NY 10017
T: 212-339-6995
ziporah@thelawfareproject.org

*Attorneys for Plaintiff*