# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**BY ECF**

June 11, 2026

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Garrett v. City Univ. of New York,* No. 24-cv-9710 (VSB) (RWL)

Dear Judge Lehrburger:

On behalf of Plaintiff Leah Garrett ("Plaintiff"), we respectfully submit this letter motion pursuant to Rule II(D) of Your Honor's Individual Practices in Civil Cases and Local Rule 37.2, seeking to compel Defendant City University of New York ("CUNY") to produce unredacted versions of documents concerning antisemitism and anti-Jewish conduct at CUNY Hunter. The Court already ordered CUNY to produce discovery concerning all post-October 7, 2023 incidents of antisemitism at CUNY Hunter—not merely those incidents specifically alleged by Plaintiff. CUNY has produced additional responsive materials, but it has redacted the names of faculty members who were the subjects of complaints regarding antisemitism or anti-Jewish conduct. Those names are directly relevant to Plaintiff's hostile work environment claims and to CUNY's knowledge, investigation, and response to antisemitic incidents on campus.

## I.    Background

Plaintiff served her first Requests for Production on June 12, 2025. CUNY initially limited its production to the incidents of antisemitism specifically alleged in the Complaint, even though Plaintiff's claims concern the broader hostile environment at CUNY Hunter and CUNY's pattern of failing to investigate or remediate antisemitic and anti-Jewish conduct.

After meet-and-confers failed to resolve that dispute, Plaintiff moved to compel. Dkt. 53. The Court granted the motion after a hearing, requiring CUNY to expand discovery beyond the incidents Plaintiff expressly identified to other incidents of antisemitism at CUNY Hunter. Dkt. 54. CUNY then produced additional documents, including incident reports and complaint materials concerning antisemitic and anti-Jewish conduct, but redacted the identities of faculty members who were the subjects of such complaints. Plaintiff attempted in good faith to resolve this redaction dispute without Court

Alston & Bird LLP                                           www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

June 11, 2026
Page 2

intervention.  Counsel raised the issue during a June 2, 2026 deposition and followed up by email on June 5, 2026, asking CUNY to un-redact the names of the faculty members and administrators in its productions and to identify any authority for withholding them. CUNY never responded, and it has identified no privilege, protection, statute, rule, or court order permitting it to withhold those names.  Instead, CUNY continued to redact this information in its June 10, 2026 production—including a spreadsheet that purports to catalog every reported incident of antisemitism at CUNY Hunter, and that should have been produced months earlier.

Plaintiff again raised the issue on June 11.  The parties agreed to meet and confer again to narrow the set of documents to be un-redacted. However, CUNY could not yet commit to un-redacting any names.  To avoid waiving any rights given the June 11, 2026 discovery deadline, Plaintiff is filing this motion with the understanding that the parties may resolve this dispute in the coming days.  CUNY has requested—and Plaintiff consents—that its deadline to respond be extended to June 24, 2026 to allow additional time to meet and confer.

## II.    CUNY Has No Basis to Redact the Names of Faculty Members Who Are the Subjects of Relevant Complaints

CUNY's redactions are improper because the names are relevant and nonprivileged.  Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Rule 26(a)(1)(A)(i) likewise treats "the name and, if known, the address and telephone number of each individual likely to have discoverable information" as core discovery.  The identities of the faculty subjects of these complaints are central to who participated in the incidents, who witnessed them, how CUNY investigated, whether it imposed discipline or other remedial measures, and whether those individuals should be deposed or called at trial.  That is particularly true in a hostile work environment case.  "Since one of the critical inquiries with respect to a hostile environment claim is the nature of the environment itself, evidence of the general work atmosphere is relevant." *Belvin v. Electchester Mgmt., LLC,* 635 F. Supp. 3d 190, 202 (E.D.N.Y. 2022) (citations and quotations omitted).

Courts in this District have rejected unilateral redactions of otherwise discoverable material absent a valid privilege, work product protection, or court order.  "[R]edactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where, as here, a confidentiality stipulation and order . . . is in place." *Durling v. Papa John's Int'l, Inc.*, 2018 U.S. Dist. LEXIS 11584, at *26 (S.D.N.Y. Jan. 24, 2018).  *See also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 Civ. 0333(RJH)(DFE), 2009 U.S. Dist. LEXIS 34967, at *5-6 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed

June 11, 2026
Page 3

suspicions" and "may deprive the reader of context"); *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.") (quotations and citations omitted).

CUNY cannot justify defying the "weight of authority"—and permitting unilateral redactions of otherwise discoverable documents for reasons other than privilege—by invoking generalized confidentiality or privacy concerns.  Rather, CUNY bears the burden of showing "good cause" based on a need to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20-CV-5015 (VEC) (BCM), 2022 U.S. Dist. LEXIS 39589, at *6 (S.D.N.Y. Mar. 3, 2022) (quotations and citations omitted).  "[T]o establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (quotations and citations omitted).  CUNY cannot meet that burden: it has articulated no basis for its redactions beyond generalized concern for the faculty members' confidentiality.

The redactions materially prejudice Plaintiff.  The Complaint alleges that CUNY repeatedly failed to address anti-Jewish incidents involving faculty and students—faculty antisemitism, classroom harassment, and failures to investigate, discipline, or remediate misconduct.  The Court has already compelled discovery into those broader incidents.  CUNY's continued redaction of the faculty subjects' names deprives Plaintiff of the information needed to identify witnesses, assess CUNY's knowledge and remedial response, and prepare for trial on the very issues the Court has already held are relevant to Plaintiff's claims.

## III.    Relief Requested

For these reasons, Plaintiff respectfully requests that the Court order CUNY to produce, within 45 days, unredacted versions of all responsive documents reflecting the names of any faculty members who were the subjects of formal or informal complaints, incident reports, investigations, disciplinary proceedings, academic-status changes, or personnel actions concerning antisemitism or anti-Jewish conduct at CUNY Hunter from October 7, 2023 to the present.

Respectfully submitted,

*/s/ Seth M. Cohen*
Michael C. Hefter
Seth M. Cohen
Alan M. Mendelsohn
Alberto Bufalino
**ALSTON & BIRD LLP**

June 11, 2026
Page 4

90 Park Avenue
New York, NY 10016
T: 212-210-9400
michael.hefter@alston.com
seth.cohen@alston.com
alan.mendelsohn@alston.com
alberto.bufalino@alston.com

Ziporah Reich
**THE LAWFARE PROJECT**
90 Park Avenue
633 Third Avenue, 21st Floor
New York, NY 10017
T: 212-339-6995
ziporah@thelawfareproject.org

*Attorneys for Plaintiff*

Cc:    Shaina Schwartz (*via* ECF)