

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

June 24, 2026

**By ECF**
Honorable Robert W. Lehrburger
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Garrett v. City Univ. of New York*, No. 24-cv-9710 (VSB)(RWL)

Dear Judge Lehrburger:

   This Office represents Defendant, City University of New York ("CUNY"), in the above-referenced matter.  I write in opposition to Plaintiff's letter motion to compel Defendant CUNY to produce "unredacted versions of all responsive documents reflecting the names of any faculty members who were the subjects of formal or informal complaints, incident reports, investigations, disciplinary proceedings, academic-status changes, or personnel actions concerning antisemitism or anti-Jewish conduct at CUNY Hunter from October 7, 2023 to the present." ECF No. 74 (the "Motion" or "Mot."). For the reasons set forth herein, Plaintiff's Motion should be denied.

## I.  Plaintiff's Motion is Untimely

   Plaintiff waited until the last day of discovery to seek to compel unredacted versions of documents produced months earlier.  The Motion should be denied on that basis alone.

   On March 6, 2026, in accordance with the Court's order on Plaintiff's motion to compel the production of other complaints of antisemitism, CUNY substantially completed its production of responsive documents.  To protect the privacy interests of non-parties, CUNY redacted the names of faculty accused of antisemitism.  Plaintiff did not raise this as an issue.  Now, three months after CUNY's production of the redacted complaints of antisemitism, Plaintiff claims, for the very first time, that the redactions are not proper.  Plaintiff's Motion, made on the last day of discovery, is untimely and should be denied.  *See Makhoul v. Watt, Tieder, Hoffar & Fitzgerald, LLP*, 2014 WL 3490215 (E.D.N.Y. July 19, 2014) (denying motion to compel brought by plaintiff eight days before the close of discovery); *Colon v. City of N.Y.*, 2014 WL 4100607 (S.D.N.Y. Aug. 20, 2014) (denying as "untimely" motion to compel made one day before the close of discovery); *see also Joseph v. Sikorsky Aircraft Corp.*, 2015 WL 5304177 (D.Conn. Sept. 9, 2015) (denying plaintiff's motion to compel  made five days before the close of discovery regarding defendants' document responses served two months earlier).

Hon. Robert W. Lehrburger                                                      June 24, 2026

**II.    <u>CUNY's Redactions Are Proper and Necessary to Protect Sensitive Information Concerning Non-Parties</u>**

CUNY's redactions are proper.  "Rule 26(c) governs a court's power to issue an order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Duffy v. Illinois*, 2018 WL 1335357, at *4 (S.D.N.Y. Mar. 15, 2018) (quoting Fed. R. Civ. P. 26(c)(1)).  Indeed, "[t]he Second Circuit has held that the privacy interests of innocent third parties should weigh heavily in a court's decision as to whether to withhold confidential information." *Id.*, at *6.  Redacting the names of faculty who were the subject of complaints alleging antisemitic conduct is necessary to protect the privacy interests of those individuals who are not parties to this litigation.  Indeed, contrary to Plaintiff's assertion that names and contact information are "core discovery," (Mot., at p. 2), courts have recognized that "private individuals have a privacy interest in avoiding disclosure of their names and addresses." *Duffy*, 2018 WL 1335357, at *6.  Disclosing the names of the faculty who were the subjects of complaints alleging antisemitic conduct would certainly embarrass those individuals and reveal confidential, sensitive information that is unnecessary for Plaintiff to pursue her claim.  Moreover, there are serious concerns associated with disclosing this information.  Documents relating to complaints of antisemitism, including the identities of various individuals, have been shared with the media.  And faculty accused of antisemitism for their political views have been subjected to "doxing." *See* https://www.cuny.edu/about/administration/offices/transformation/diversity-equity-and-inclusion-hub/doxing/.  This demonstrates the legitimate need to take precautions and protect the privacy interests of faculty members who are not parties to this litigation.

**III.    <u>Plaintiff Has Not Demonstrated That Faculty Names Are Relevant To Her Claims</u>**

Moreover, Plaintiff has not met her burden of demonstrating that the identities of faculty who were the subject of complaints of antisemitism are relevant to her claim.  *See Beverley v. N.Y.C. Health and Hosps. Corp.*, 2024 WL 1342806, at *9 (S.D.N.Y. Mar. 29, 2024) ("[T]he burden of demonstrating relevance is on the party seeking discovery.").

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the evidence." *Duffy*, 2018 WL 1335357, at *4.

Plaintiff does not need to know the identity of the faculty who are the subjects of the complaints to pursue her claim.  *See Brown v. Pritchard*, 2011 WL 2533011, at *4 (W.D.N.Y. June 24, 2011) ("Plaintiff does not need to know the name of the complainants . . . Pertinent to this case

Hon. Robert W. Lehrburger                                                                    June 24, 2026

is how the defendants responded to grievances . . .").  Plaintiff already has the complaints at issue as well as emails, text messages, and other documents related to those complaints, despite the fact that the incidents were not alleged in the complaint and have no nexus to Plaintiff.  Those faculties' identities have no bearing on Plaintiff's hostile work environment claim.

Plaintiff's explanation that the "continued redaction of the faculty subjects' names deprives Plaintiff of the information needed to identify witnesses, assess CUNY's knowledge and remedial response, and prepare for trial," is conclusory at best.  Plaintiff offers no explanation or concrete example of how withholding this information has impeded her ability to identify witnesses, assess CUNY's response to complaints, or prepare for trial.  The reason for that is simple – she cannot describe something that has not happened.  Indeed, over the course of discovery, Plaintiff deposed nine CUNY witnesses.[1]  During those depositions, Plaintiff elicited testimony about complaints alleging antisemitic conduct and CUNY's response to those complaints, without hindrance from the redactions covering the names of faculty accused of antisemitism.  Moreover, Plaintiff's conclusory argument that this information is necessary to prove her claim is belied by her own actions.  As detailed above, CUNY substantially completed its document production on March 6, 2026.  Plaintiff acknowledges that she raised this issue for the first time on June 2, 2026, and only filed her motion on June 11, 2026, the last day of fact discovery.  *See* Mot., at p. 2; ECF No. 65. If Plaintiff needed this information, or if it were probative of her claim, she would have raised this issue promptly after the documents were produced, rather than waiting three months to raise the issue on the eve of the close of discovery.  She did not do so.  The fact that Plaintiff waited until discovery was complete to raise this issue is demonstrative of the irrelevance of the faculty names to Plaintiff's claim.

IV.    **Plaintiff's Request for the Re-Review and Re-Production of Documents Is Not Proportional to the Needs of This Case**

"The party seeking discovery has the initial burden of proving the requested material is relevant ... and ... proportional to the needs of the case." *In re Terrorist Attacks on September 11, 2001*, 2023 WL 4447869, at *2 (S.D.N.Y. July 11, 2023).  "Proportionality focuses on the marginal utility of the discovery sought." *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016).  "Proportionality and relevance are 'conjoined' concepts" and when assessing proportionality, courts consider the factors outlined in Rule 26.  *Id.* (citations omitted). Here, CUNY has produced over 13,000 pages of documents.  The burden associated with re-reviewing that entire production, reviewing every redaction, and expending effort to un-redact faculty names, is of limited utility, especially given the lack of relevance.  Thus, the relief requested by Plaintiff is not proportional to the needs of the case.

Accordingly, for the reasons stated herein, Plaintiff's Motion is untimely, CUNY's redactions were proper, and Plaintiff has not met her burden of demonstrating that the requested discovery is relevant to her claim or proportional to the needs of the case.  Thus, the Motion should be denied.  In the alternative, if the Court is inclined to grant Plaintiff's motion, CUNY requests that the Court instruct that the documents be produced with the designation "Highly Confidential-Attorneys' Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order so-ordered on October 28, 2025.  *See* ECF No. 47.

---

[1] Moreover, given that fact discovery has closed, Plaintiff's time to identify witnesses has expired.

Hon. Robert W. Lehrburger                                    June 24, 2026

                                        Respectfully submitted,

                                        /s/ *Shaina Schwartz*
                                        Shaina L. Schwartz
                                        Assistant Attorney General
                                        28 Liberty Street
                                        New York, New York 10005
                                        shaina.schwartz@ag.ny.gov
                                        212-416-8560

cc:     Alan M. Mendelsohn (*via* ECF)
        Seth M. Cohen (*via* ECF)
        Ziporah Reich (*via* ECF)
        Michael C. Hefter (*via* ECF)