UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LEAH GARRETT,                                    :
                                                 :
                        Plaintiff,               :          24-CV-9710 (VSB) (RWL)
                                                 :
            - against -                          :
                                                 :          **ORDER**
CITY UNIVERSITY OF NEW YORK,                     :
                                                 :
                        Defendant.               :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves the issue raised by Plaintiff in her letter motion seeking to compel Defendant to unredact the names of professors who have been the subject of formal or informal complaints concerning antisemitism. (Dkt. 74.) Defendant substantially completed its document production by March 6, 2026, and argues that Plaintiff's application is untimely because Plaintiff did not first raise it with Defendant until June 2, 2026 (at a deposition) and did not seek relief from the Court until June 11, 2026, the last day of fact discovery. (*See* Dkt. 77 at 1.) Depending on when and which of Defendant's documents Plaintiff's counsel reviewed, they perhaps could have raised the issue before June 2, 2026. Regardless, as asserted by Plaintiff and not disputed by Defendant, Defendant continued to redact information in its June 10, 2026 production – the day before the conclusion of discovery. (Dkt 74 at 2.) In other words, even if Plaintiff could have raised the issue at an earlier time, Defendant's continued practice on June 10, 2026, after Plaintiff's objection on June 2, 2026, gave the issue a refreshed saliency. The Court does not fault Plaintiff for not raising the issue with the Court between June 2, 2026 and June 10, 2026, inasmuch as the parties first had a duty to meet and confer in an attempt to resolve or narrow the dispute before bringing it to the Court's attention.

1

As to the merits of the dispute, Defendant argues, *inter alia*, that the redacted information has not impeded Plaintiff's ability to litigate the case.  But that does not either justify unilateral redaction of names or eliminate the continued investigation in which Plaintiff may engage.  Defendant's other arguments fare no better.  Having considered all arguments of the parties, and in the exercise of its discretion, the Court grants Plaintiff's application as follows.

1.    By **July 10, 2026**, Plaintiff shall identify for Defendant the bates numbers of the specific documents at issue.

2.    By **August 10, 2026**, Defendant shall produce unredacted versions of the documents at issue.  The unredacted versions of the documents shall be marked "Highly Confidential – Attorney's Eyes Only" pursuant to the Confidentiality Stipulation and Protective Order so-ordered on October 28, 2025.  (Dkt. 47.)

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 74.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2026
       New York, New York

Copies transmitted this date to all counsel of record.

2